## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

INGRID ZUNDEL                )
2869 Hatcher Mountain Rd.     )
Sevierville, TN 37862         )
                  Plaintiff,     )
                        )
v.                            )
                        )     Civil Case No.: 15-134
JEH JOHNSON, Secretary,       )
Department of Homeland Security;     )
U.S. Dept. of Homeland Security     )
Office of the General Counsel     )
Washington, DC 20528          )
                        )
LEÓN RODRÍGUEZ, Director,     )
U.S. Citizenship and Immigration Services;     )
U.S. Dept. of Homeland Security     )
U.S. Citizenship and Immigration Services     )
Office of the Chief Counsel     )
20 Massachusetts Ave. N.W., Room 4210     )
Washington, DC 20529-2120     )
                        )
DONALD NEUFELD, Associate Director,     )
Service Center Operations     )
U.S. Citizenship and Immigration Services;     )
U.S. Dept. of Homeland Security     )
U.S. Citizenship and Immigration Services     )
Office of the Chief Counsel     )
20 Massachusetts Ave. N.W., Room 4210     )
Washington, DC 20529-2120     )
                        )
JERRY HEINAUER, Director, Nebraska Service     )
Center                        )
U.S. Dept. of Homeland Security     )
U.S. Citizenship and Immigration Services     )
Office of the Chief Counsel     )
20 Massachusetts Ave. N.W., Room 4210     )
Washington, DC 20529-2120     )
                        )
                        )
                Defendants.     )

Serve: ERIC H. HOLDER, JR.,                        )
U.S. Attorney General                              )
U.S. Department of Justice                         )
950 Pennsylvania Avenue, NW                        )
Washington, DC 20530-0001                          )
                                                   )
Serve: RONALD C. MACHEN JR.                        )
U.S. Attorney for the District of Columbia         )
United States Attorney's Office                    )
555 4th Street, NW                                 )
Washington, DC 20530                               )
_____           )

## COMPLAINT FOR WRIT OF MANDAMUS

Plaintiff, Ingrid Zundel ("Mrs. Zundel"), through undersigned counsel, alleges as follows:

## INTRODUCTION

1.      This is a civil action brought pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1361, to

redress the deprivation of rights, privileges and immunities secured to Plaintiffs to compel

Defendants to perform a duty Defendants owe to Plaintiff.  Jurisdiction is also conferred by 5

U.S.C. § 701.

2.      This action is brought to compel Defendants and those acting under them to take action

on an I-601 Application for Waiver of Grounds of Inadmissibility ("I-601 Application") filed by

Mrs. Zundel's spouse before the Nebraska Service Center on November 29, 2013.

3.      Mrs. Zundel's spouse is eligible for an immigrant visa on the basis of an Immigrant

Petition for Alien Relative ("I-130 Petition") which Mrs. Zundel filed on his behalf.  However,

Mrs. Zundel's spouse's immigrant visa case processing cannot proceed until his I-601

Application has been adjudicated.

4.      Mrs. Zundel's spouse's I-601 Application should be adjudicated as a matter of right.

5.      Defendants have no legitimate explanation for the delay in adjudicating Mrs. Zundel's

spouse's I-601 Application, and have continued to improperly withhold action on said

application to Mrs. Zundel's substantial detriment.

6.      Defendants, the Department of Homeland Security ("DHS") and U.S. Citizenship and

Immigration Services ("USCIS") are charged by law with the statutory obligation to adjudicate

Mrs. Zundel's spouse's I-601 Application.

## PARTIES

7.      Plaintiff Mrs. Zundel is a 78 year naturalized citizen of the United States and directly

impacted by Defendants' failure to adjudicate her spouse's I-601 Application.  Mrs. Zundel has

suffered significant emotional trauma and distress as a result of the delay in the processing of her

spouse's I-601 Application.

8.      Defendant Jeh Johnson is the Secretary of DHS and this action is brought against him in

his official capacity.  He is generally charged with the administration and enforcement of all

immigration and citizenship laws that are bound in the powers, duties and functions of DHS.

9.      Defendant Leon Rodriguez is the Director of USCIS and this action is brought against

him in his official capacity.  He is charged with the oversight, administration and execution of

immigration laws of the United States.

10.      Defendant Donald Neufeld is the Associate Director, Service Center Operations and this

action is brought against him in his official capacity.  He oversees all activities at the four USCIS

Service Centers, including the Nebraska Service Center.

11.      Defendant Jerry Heinauer is the Director of USCIS Nebraska Service Center and this

action is brought against him in his official capacity.  He is charged with the oversight,

administration and execution of the operations of the Nebraska Service Center where Mr.

Zundel's I-601 Application has been pending for over a year.

## JURISDICTION

12.     Jurisdiction in this case is proper pursuant to 28 U.S.C. § § 1331 and 1361, and 5 U.S.C.

§ §701-706, *et seq.*  Relief is requested pursuant to said statutes.

## VENUE

13.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e), in that this is an action

against officers and agencies of the United States in their official capacities, brought in the

District where a Defendant resides and where a substantial part of the events or omissions giving

rise to Plaintiff's claim occurred.  Action may be brought in any judicial district in which at least

one of the defendants resides.

## EXHAUSTION OF REMEDIES

14.     Mrs. Zundel and her spouse have exhausted their administrative remedies.  They have,

through their attorney, made numerous inquiries to the Nebraska Service Center and to USCIS

concerning the status of the I-601 Application to no avail.  The follow up inquiries made to

USCIS include four Status Request Letters sent on July 30, 2014, September 22, 2014, October

22, 2014 and December 17, 2014.  Mrs. Zundel's attorney has also made multiple telephone

service requests to USCIS including on June 30, 2014, September 8, 2014 and November 24,

2014.  Plaintiff has no further recourse to compel USCIS to adjudicate her spouse's I-601

Application.

## FACTS

15.     Pursuant to INA § 204(a)(1)(A)(i), 8 U.S.C. § 1154(a)(1)(A)(i), Mrs. Zundel submitted

an I-130 Petition on behalf of her spouse on October 4, 2000.

16.     The I-130 Petition was approved on August 22, 2003.

17.     Mrs. Zundel's spouse sought an immigrant visa on the basis of the approved I-130 Petition at the U.S. Consulate in Frankfurt on September 3, 2013.

18.     On October 21, 2013 the Consulate denied Mr. Zundel's immigrant visa application based on a finding that he is ineligible under section 212(a)(2)(A)(i)(I) of the Immigration and Nationality Act.

19.     As a result of the Consulate's ineligibility finding, Mr. Zundel requires a waiver before his immigrant visa application can be processed.  Therefore, on November 29, 2013, Mr. Zundel submitted an I-601 Application to USCIS Nebraska Service Center.

20.     Defendants owe a duty to Plaintiff to adjudicate the I-601 Application and have unreasonably failed to perform that duty.  The substantive decision in relation to an I-601 Application is discretionary but the adjudication of the application is an administrative act which Mr. Zundel deserves to have performed as a matter of right.

21.     USCIS received Mr. Zundel's I-601 Application on December 3, 2013.  USCIS generally issues decisions in relation to I-601 Applications within 6 months, thus Defendants should have adjudicated Mr. Zundel's I-601 Application by June 2014.  USCIS has represented that as of November 30, it is processing I-601 Applications received on July 2, 2014, meaning that USCIS has unfairly leap-frogged 7 months of applications ahead of Mr. Zundel.

22.     Mrs. Zundel and her spouse have made several requests to determine the status of the I-601 Application and the delays associated with its adjudication, but have yet to receive any definitive response.

23.     Specifically, counsel has submitted four (4) status request letters to the Nebraska Service Center between August and December.  Further, counsel has followed up with multiple telephone inquiries to USCIS between June and November.

24.     Defendants acknowledge the I-601 Application is long overdue but offer no date by which it will adjudicate the application, stating that they cannot predict when that might happen, if at all.

25.     The Defendants' refusal to act in this case is, as a matter of law, arbitrary and not in accordance with the law and regulations.

26.     The Defendants have effectively denied Mr. Zundel the opportunity to receive an immigrant visa and be reunited with his wife in the United States.

27.     Mrs. Zundel has been greatly damaged by Defendants' failure to act in accordance with their duties under the law and regulations, thereby depriving her of the right to a decision on her spouse's I-601 Application and causing her to in the meantime, suffer irreparable harm.

28.     The Defendants, in violation of the law and regulations, are unlawfully withholding or unreasonably delaying action on Mr. Zundel's I-601 Application and have failed to carry out the adjudicative and administrative functions delegated to them by law with regard to Mr. Zundel's I-601 Application.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that the Court:

A.      Assume jurisdiction over this action;

B.      Declare Defendants' failure to carry out the adjudicative functions delegated to them by law with regard to Plaintiff's case as agency action unlawfully withheld and unreasonably delayed, pursuant to 5 U.S.C. § 706(1);

C.      Compel Defendants and those acting under them to perform their duty to adjudicate Mr.

Zundel's I-601 Application by either approving or refusing said application, and if the

application is refused, that the decision include justification to preclude the sense of retaliation

for having brought this lawsuit or for having exposed the Defendants' neglect;

D.      Grant an award of reasonable attorney's fees and expenses and the costs of Court to the

Plaintiff under the Equal Access to Justice Act, or other applicable law; and

E.      Enter judgment in favor of the Plaintiff and against the Defendants and grant such other

and further relief as this Court deems just and proper under the circumstances.


        Respectfully submitted this 27th day of January 2015.


                        _____/s/ R. Scott Oswald____
                        R. Scott Oswald,
                        The Employment Law Group, P.C.
                        888 17th Street, N.W., Suite 900
                        Washington, D.C. 20006-3307
                        (202) 261-2806
                        (202) 261-2835 (facsimile)
                        soswald@employmentlawgroup.com
                        *Counsel for Plaintiff*